R. Terry Parker (BBO No. 569008)
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Shoichi Matsumoto*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHOICHI MATSUMOTO,<br><br>Plaintiff,<br><br>v.<br><br>MARIA LUGO WATSON,<br><br>Defendant. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

The plaintiff Shoichi Matsumoto ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, PC, for his complaint against the defendant Maria Lugo Watson ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This action is brought against Defendant for willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 and willful trademark infringement and false advertising in violation of the Lanham Act, and 15 U.S.C. 1141(1) and 1125(a)(2).

2.      Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

3.     Plaintiff is an individual doing business as a professional photographer with an address at 25 Lone Oak Court, Napa, California 94558.

4.     Upon information and belief, the Defendant is a foreign business corporation with a business address at 1831 Woodcut Drive, Lutz, Florida, 33559.

## JURISDICTION AND VENUE

5.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States and the trademark laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over copyright actions).  The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     Personal jurisdiction over Defendant is proper.  Defendant is conducting business in this judicial district, including contracting with the Massachusetts company The Endurance Group to host the infringing content at issue in this litigation, and committing torts in this district, including without limitation intellectual property infringement that causes harm in the district and this judicial district.

7.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

8.     Plaintiff is a private chef, TV host, food consultant and food photographer who is the creative force behind the popular website known as norecipes.com.  Since 2007, Plaintiff has developed the goodwill behind his NO RECIPE® trademark which he has continuously

used in connection with an online journal and blog featuring recipes, cooking and travel information.  The online journal and blog marketed under the NO RECIPE® trademark has developed a steady base of consumers and is well known among members of the purchasing public.

9.      Plaintiff is the exclusive owner of the federal registration for the NO RECIPE® trademark, U.S. Reg. No. 86,193,477.

10.     Plaintiff is the creator of a number of photographic images concerning food and food preparation, including over three hundred of which are at issue in this litigation (the "Copyrighted Works").  Copies of a limited selection of the three hundred photographs are attached hereto as Exhibit A.

11.     The Copyrighted Works are original works of authorship, each painstakingly created.

12.     Plaintiff owns the copyrights in and to the Copyrighted Works.

13.     Plaintiff obtained, prior to the infringing acts alleged herein, certificates of registration for the Copyrighted Works from the United States Copyright Office, copies of which are attached hereto as Exhibit B.

**B.      Defendant's Unlawful Activities**

14.     Defendant provides a website building service.

15.     Upon information and belief, Defendant is an individual responsible for copying the Plaintiff's website.

16.     The website found at the URL http://norecipes.net is a counterfeit version of Plaintiff's website.

17.     The website found at the URL http://norecipes.net uses on numerous occasions a NO RECIPES trademark (the "Infringing Mark") that is identical with, or substantially

indistinguishable from, Plaintiff's registered NO RECIPES® trademark in connection with

the promotion and sale of goods and services that are identical to Plaintiff's goods and

services and the counterfeit version of Plaintiff's website (the "Counterfeit Website").

18.     In addition, upon information and belief, in order to create the Counterfeit

Website, the Copyrighted Works were reproduced and distributed within Defendant's network

of servers and computers and publicly displayed by Defendant at hundreds of different URLs

(the "Infringing Webpages").  Screenshots of a small sampling of the Infringing Webpages

are attached hereto as Exhibit C.

19.     Upon information and belief, Defendant is responsible for the unlawful

reproduction, distribution, and public display of the Copyrighted Works at the Infringing

Webpages.

20.     The reproduction, distribution, and public display by Defendant of Plaintiff's

Copyrighted Works is without Plaintiff's authorization.

21.     Defendant's unauthorized reproduction, distribution, and public display of

Plaintiff's Copyrighted Works are knowing and willful and in reckless disregard of exclusive

rights provided Plaintiff by the Copyright Act.

22.     Upon information and belief, Defendant is responsible for the unlawful

creation and distribution of the Counterfeit Website.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

23.     Plaintiff realleges the above paragraphs and incorporates them by reference as if

fully set forth herein.

24.     The Copyrighted Works are original works of authorship, embodying

copyrightable subject matter, subject to the full protection of the United States copyright laws.

25.     Plaintiff has all rights, title and interest in and to the copyrights in the Copyrighted Works.

26.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Works, Defendant had access to the Copyrighted Works prior to Defendant's use of the Copyrighted Works at the Infringing Webpages.

27.     Upon information and belief, Defendant created and distributed exact copies of Plaintiff's Copyrighted Works, infringing and violating Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the numerous Copyrighted Works that were found on Plaintiff's website.

28.     Upon information and belief, Defendant caused unlawful copies to be reproduced on Defendant's computer network by Defendant's employees on numerous occasions.

29.     Upon information and belief, Defendant caused unlawful copies of the Copyrighted Works to be distributed on Defendant's computer network and throughout the Internet.

30.     Upon information and belief, Defendant was aware of the copyright management information on Plaintiff's website and conducted its infringement of Plaintiff's copyrights in disregard of that information, in a willful and deliberate manner, profiting at the expense of Plaintiff.

31.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

32.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the

infringement of the Copyrighted Works, which amounts will be proven at trial.

33.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum

statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with

respect to the infringing reproduction, distribution, and public display of the Copyrighted Works,

or such other amounts as may be proper under 17 U.S.C. § 504(c).

34.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to

17 U.S.C. § 505.

35.     Defendant's conduct has caused and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no

adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**(Trademark Counterfeiting In Violation of 15 U.S.C. § 1114)**

36.     Plaintiff realleges the above paragraphs and incorporates them by reference as if

fully set forth herein.

37.     Upon information and belief, Defendant created and distributed the Counterfeit

Website.

38.     Upon information and belief, the Infringing Mark is used throughout the

Infringing Webpages and is a copy, variation, simulation or colorable imitation of Plaintiff's

registered NO RECIPES® trademark that is identical with, or substantially indistinguishable

from, Plaintiff's registered trademark and is likely to cause confusion, mistake, or deception, and

constitutes trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C.

§1114(1).

39.     Upon information and belief, Defendant was on both actual and constructive

notice of Plaintiff's exclusive rights in Plaintiff's trademark, which is registered with the United

States Patent and Trademark Office.

40.     Defendant, upon information and belief, supplied its service for the purpose of

creating and distributing the Counterfeit Website.

41.     Defendant, upon information and belief, directly controlled and monitored the

instrumentality used by Defendant's customer to infringe Plaintiff's NO RECIPES® trademark.

42.     Upon information and belief, Defendant's counterfeiting was knowing,

deliberate and willful.

43.     Plaintiff is entitled to statutory damages of $200,000 per counterfeit mark per

type of goods or services sold, offered for sale, or distributed, as the court considers just; or if the

use of the counterfeit mark was willful, up to $2,000,000 per counterfeit mark per type of goods

or services sold, 15 U.S.C. § 1117.

44.     Defendant's counterfeiting has caused and is causing immediate and irreparable

injury to Defendant, and to his goodwill and reputation, and will further damage to Defendant

unless enjoined by this Court.

45.     Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Trademark Infringement In Violation of 15 U.S.C. § 1114)

46.     Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

47.     Upon information and belief, Defendant promoted, marketed and sold or offered

for sale an on-line journal, featuring recipes, cooking and travel information in connection with

the Infringing Mark.

48.     Upon information and belief, the Infringing Mark is a copy, variation, simulation

or colorable imitation of Plaintiff's registered NO RECIPES® trademark and is likely to cause

confusion, or to cause mistake or to deceive customers or potential consumers and the public as

to the source or sponsorship of Defendant's on-line journal and related products.  Consumers are

likely to be misled into believing that Defendant's infringing product is manufactured by,

licensed from, Plaintiff.

49.     Upon information and belief, Defendant was on both actual and constructive

notice of Plaintiff's exclusive rights in Plaintiff's trademark, which is registered.  Defendant's use

of Plaintiff's trademark was willful, in bad faith, with full knowledge of Plaintiff's prior use of,

exclusive rights in and ownership of Plaintiff's trademark, with full knowledge of the goodwill

and reputation associated with Plaintiff's trademark, and with full knowledge that Defendants

have no right, license or authority to use Plaintiff's Marks or any other mark confusingly similar

to Plaintiff's Marks.

50.     Defendant's acts are intended to reap the benefit of the goodwill that Plaintiff has

created in its marks and constitute infringement of Plaintiff's federally registered trademark in

violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

51.     Defendant's conduct has caused immediate and irreparable injury to Plaintiff and

damaged Plaintiff and deceived the public.  Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### (Unfair Competition In Violation of 15 U.S.C. § 1125(a))

52.     Plaintiff hereby incorporates by reference and realleges each and every allegation

set forth above.

53.     Defendant's promotion, marketing and sale of an online journal, featuring

recipes, cooking and travel information under the Infringing Mark constitutes unfair competition

and false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. §

1125(a).

54.     The NO RECIPE® trademark is entitled to protection under both federal and common law.

55.     Defendant's unauthorized use of the Infringing Mark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the NO RECIPE® trademark.

56.     Upon information and belief, Defendant's unfair competition is willful and reflects Defendant's intent to trade on the goodwill of the NO RECIPE® trademark.

57.     Plaintiff has no adequate remedy at law.  If use of the Infringing Mark by Defendant is not enjoined, plaintiffs will suffer substantial and irreparable injury to its business reputation and the goodwill associated with the NO RECIPE® trademark.

**FIFTH CLAIM FOR RELIEF**
**(Trademark Infringement in Violation of Massachusetts Common Law)**

58.     Plaintiff hereby incorporates by reference and realleges each and every allegation set forth above.

59.     Defendant's unauthorized use of the Infringing Mark is likely to cause confusion and deceive consumers as to the origin, sponsorship, or approval of Defendant's products by creating the false and misleading impression that Defendant's goods are associated with Plaintiff.

60.     Defendant's unauthorized use of the Infringing Mark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which they have no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the NO RECIPE® trademark.

61.     Upon information and belief, Defendant's infringement of the NO RECIPE® trademark was willful and reflects Defendant's intent to trade on the goodwill of the NO

9

RECIPE® trademark.

62.     Plaintiff is entitled to injunctive relief, and is also entitled to recover his

damages, costs, and reasonable attorney's fees.

63.     Defendant's act constitutes unfair competition in violation of the common law of

the Commonwealth of Massachusetts.

64.     Defendant's unauthorized use of the Infringing Mark, unless enjoined, will cause

substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law,

including at least substantial and irreparable injury to the goodwill and reputation associated with

the NO RECIPE® trademark.

**SIXTH CLAIM FOR RELIEF**
**(violation of Deceptive Trade Practices Massachusetts Unfair Practices Act,**
**Mass. Gen. Laws ch. 93A, § 11))**

65.     Plaintiff incorporates by reference the allegations in each of the preceding

paragraphs as if fully set forth herein.

66.     Defendant advertises on the website Ipage.com the following:

> One of our foremost goals is to ensure the best possible
> experience for you, our customers. Upon sign-up, we
> promptly assist you with designing your site, creating your
> email address, and even with pushing the big "publish"
> button. You can count on our help every step of the way.

67.     Defendant has since represented that it is merely a registrar of domain names and

its execution of its registrar function is passive—its computers receive a request to register a

domain name and, if no one has yet registered that domain name, the registrar's computers can

automatically handle the registration in the above-captioned litigation that it is merely a passive

internet service provider.

68.     If this representation that Defendant is merely a passive buyer and seller of domain

names and does not actively assist customers with designing websites, the aforesaid advertising of Defendant constitutes deceptive trade practices that Defendant, in commerce, has made, and continues regarding the material qualities of its services.

69.     Defendant's false and misleading statements are material in that they are likely to influence a consumer's purchasing decisions in the Commonwealth..

70.     The aforesaid acts of Defendant constitute false advertising in violation of Deceptive Trade Practices Massachusetts Unfair Practices Act, Mass. Gen. Laws ch. 93A, § 11, in that Defendant, in commerce, has made, and continues to make, misrepresentations regarding the material qualities of its financial services offered on the Defendant website that are likely to mislead a reasonable consumer.

71.     Defendant's false and misleading statements and advertisements have caused, and are likely to continue to cause, injury to the public at large, including consumers in the Commonwealth, and are likely to cause injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Works under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An award of such actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of each of the Copyrighted Works;

4.     Awarding Plaintiff such exemplary and punitive damages as the Court finds

11

appropriate to deter any future willful copyright infringement;

5.      Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6.      Defendant has engaged in counterfeiting in violation of the Section 32 of the Lanham Act, 15 U.S.C. 1114(a) and is liable for statutory damages of $200,000 per counterfeit mark where not willful and where use of the counterfeit mark was willful, up to $2,000,000 per counterfeit mark.

7.      Defendant has engaged in false advertising in violation of the section 43(a) of the Lanham Act, 15 U.S.C. 1125(a);

8.      Defendant has engaged in trademark infringement in violation of the Massachusetts common law;

9.      Defendant has engaged in unfair competition in violation of the Massachusetts common law;

10.     Defendant has engaged in deceptive trade practices in violation of Deceptive Trade Practices Massachusetts Unfair Practices Act, Mass. Gen. Laws ch. 93A, § 11;

11.     Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful trademark infringement;

12.     For a permanent injunction enjoining Defendant, and any successors or assigns, and its principals, officers, partners, agents, subcontractors, servants, employees, attorneys, affiliates, licensees, subsidiaries and related companies or entities, and all others acting in active concert or participation with it who receive actual notice of the Court's order by personal service or otherwise, from:

> a.      Using the NO RECIPE® trademark, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation in or as part of a design,

logo, domain name, or trademark; using any such mark in connection with the promotion, advertisement, sale, offering for sale, manufacture, production, or distribution of any business, product, or service; and from using any such mark on or as feature of any product;

b.       Passing off, inducing, or enabling others to pass off, sell, offer, distribute, disseminate, or otherwise provide any product that bears the NO RECIPE® trademark in connection with online journals or blogs featuring recipes, cooking and travel information, or any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation of the NO RECIPE® trademark; and

c.       Otherwise competing unfairly with Plaintiff in any manner.

13.     For an order that: 1) Defendant account for and pay over to Plaintiff the amount of any profits realized by Defendant by reason of Defendant's unlawful and willful acts of trademark infringement and unfair competition as alleged herein; 2) Plaintiff be awarded actual damages suffered by Plaintiff by reason of Defendant's unlawful and willful acts of trademark infringement and unfair competition as alleged herein, including profits realized by Defendant, to be increased by a sum equal to three times the amount thereof as provided by law; 3) Plaintiff be awarded interest, including prejudgment interest, on all damages sums; 4) Plaintiff be awarded his costs and reasonable attorney's fees and have such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under 15 U.S.C. §§ 1116-1118; and 5) Plaintiff be awarded actual and punitive damages as provided for under applicable federal and state law.

14.     For an order directing, the destruction of all packaging and any printed material, including advertising materials and point-of-sale displays, bearing the NO RECIPE® trademark in Defendant's possession or control, and all plates, molds, matrices and other means of making the

aforesaid printed materials; and publicly acknowledging the wrongful activities alleged herein.

15.     For an order directing Defendant to file with the Court and serve upon Plaintiff within thirty (30) days after service of the injunction upon Defendant, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

16.     For such other and further relief as the Court shall deem appropriate.

17.     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: November 10. 2021

/s/ R. Terry Parker
R. Terry Parker (BBO No. 569008)
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Shoichi Matsumoto*